23544. FICKLEN v. WATKINS.

DECIDED SEPTEMBER 21, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*Haas, Gambrell & Gardner, Charles D. Hurt, W. A. Slaton, C. E. Sutton,* for plaintiff in error.
*Earle Norman,* contra.

23545. FICKLEN v. WATKINS.

STEPHENS, J. 1. Upon the trial of an action to recover damages for personal injuries alleged to have been received by the plaintiff as a result of a collision between an automobile in which the plaintiff was riding,

780

and an automobile which was at the time being operated by the minor son of the defendant, where one of the grounds of negligence was that the minor, while under the influence of intoxicating liquor, with the knowledge of the defendant, was operating the automobile with the defendant's permission, the trial judge did not err in overruling a motion for a mistrial, made by the defendant upon the ground that counsel for the plaintiff stated in the presence of the jury, after he had asked a witness if the witness had found any whisky at the scene of the accident, and the court, on objection of counsel for defendant, refused to permit the witness to answer, that he expected to prove by the witness that several jars of liquor had been seen there and one was wrapped in a raincoat with the initials "B. F." on it, where the judge, in overruling the motion for a mistrial, stated to the jury that he had ruled out the evidence sought and that the jury should not consider it in any way, "shape, form, or fashion," and that it would be improper for them to "consider any testimony on the question of whisky on that occasion." The evidence offered, irrespective of whether it was relevant and admissible, related to an allegation in the petition, and it therefore can not be said as a matter of law that it was improper for counsel to state in the presence of the jury what he expected to prove as laying the foundation for exceptions to the rejection of the testimony, and that counsel in offering to make proof of the facts alleged, injected into the case irrelevant matter calculated only to prejudice the jury against the defendant.

2. The other questions recited in this case are controlled by the decision of this court this day rendered in the case of *Ficklen* v. *Heichelheim*, ante, 777.

3. The evidence authorized the verdict for the plaintiff and no error appears. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1934. REHEARING DENIED SEPTEMBER 29, 1934.